IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DONALD E. COTTON, JR.                                                                                    PLAINTIFF

V.                                          NO. 14-5027

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Donald E. Cotton, Jr., brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.   Procedural Background:**

Plaintiff protectively filed his current application for DIB on May 6, 2010, alleging an inability to work since December 21, 2007, due to bipolar disorder, anxiety, depression, and insomnia. (Tr. 102-103, 120, 127). An administrative hearing was held on April 15, 2012, at which Plaintiff's attorney amended the onset date to June 5, 2009, and at which Plaintiff appeared with counsel and testified. (Tr. 28-55).[1]

By written decision dated August 3, 2012, the ALJ found that during the relevant time

---

[1] Apparently, the ALJ did not realize Plaintiff amended his onset date to June 5, 2009, because he made no mention of the new date. However, Plaintiff's attorney amended it at the hearing. (Tr. 35).

period, Plaintiff had an impairment or combination of impairments that were severe - bipolar disorder. (Tr. 15). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: he can do work with simple tasks and instructions. He can have only incidental contact with the public.

(Tr. 17). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff was unable to perform any of his past relevant work, but that there were other jobs Plaintiff could perform, such as dishwasher and grocery stocker. (Tr. 21-22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 26, 2013. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.

3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the

national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC. See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Plaintiff raises two issues on appeal: 1) Whether there is substantial evidence to support the ALJ's decision that Plaintiff is not disabled; and 2) The ALJ erred in failing to assign proper weight to the opinion of Plaintiff's treating physicians. (Doc. 9).

**A. Weight Given to Plaintiff's Treating Physicians:**

"A treating source's opinion is to be given controlling weight where it is supported by acceptable clinical and laboratory diagnostic techniques and where it is not inconsistent with other substantial evidence in the record." Shontos v. Barnhart, 328 F.3d 418, 426 (8th Cir.2003), paraphrasing 20 C.F.R. § 404.1527(d)(2). When a treating source's opinion is not controlling, it is weighed by the same factors as any other medical opinion: the examining relationship, the treatment relationship, supporting explanations, consistency, specialization, and other factors. See 20 C.F.R. § 404.1527(d); Lehnartz v. Barnhart, 142 Fed. Appx. 939, 940 (8th Cir. 2005). A treating physician's opinion that a claimant is disabled and cannot be gainfully employed may be given no deference because it invades the province of the Commissioner to make the ultimate disability determination. House v. Astrue, 500 F.3d 741, 745 (8th Cir. 2007).

On October 16, 2009, Plaintiff was examined by Dr. Martin Faitak, Ph.D., a psychologist at the VA, who reported that medicine had helped to stabilize Plaintiff's sleep and mood somewhat. (Tr. 219). At that time, Plaintiff denied manic symptoms. (Tr. 219). Dr. Faitak also

reported that previous diagnoses of bipolar disorder were reported almost every month in 2008 and 2009, and in October and February, Plaintiff's GAF was 45, but "all the other GAF's have been 60." (Tr. 220). Dr. Faitak reported that Plaintiff occupied himself by cleaning the house and spending time with his brothers, one who was 5 and the other who was 15, and liked to watch television and sketch. (Tr. 220). Dr. Faitak found Plaintiff's bipolar disorder occurred on a daily basis and was moderate to severe in intensity, and impaired his social relationships, occupational functioning, judgment and mood.(Tr. 221). He further reported that Plaintiff's bipolar disorder "leads to reduced reliability and productivity in his occupation and social functioning because of impaired impulse control, panic attacks, impaired judgment, disturbances of motivation and mood, and difficulty establishing and maintaining effective relationships." (Tr. 221). Dr. Faitak diagnosed Plaintiff with bipolar I disorder, most recent episode mixed, severe, and gave him a GAF score of 50, due to conflicts with friends and co-workers and an inability to maintain employment. (Tr. 221). In an Addendum dated April 21, 2010, Dr. Faitak also reported that Plaintiff's bipolar disorder affected his ability to deal with work place stress by causing an unstable mood, lowering his frustration tolerance, and decreasing his flexibility. (Tr. 219).

On November 10, 2009, Dr. Anton C. Petrash, a psychiatrist at the VA, reported that Plaintiff indicated his mood was stable and he was pleasant and interactive in conversation. (Tr. 348). On February 2, 2010, Dr. Petrash reported that Plaintiff stated that "The Alprazolam and Zolpidem are working great." (Tr. 337). He diagnosed Plaintiff with mild depression with insomnia, and gave him a GAF score of 60. (Tr. 338). On March 4, 2010 through March 9, 2010, Plaintiff was hospitalized because he was suicidal. In the psychiatric evaluation dated March 5, 2010, it was reported that Plaintiff had made it known he wanted 100% service connection

because he felt he could not work due to pre military personality disorder and anger problems. (Tr. 226). It was further reported that the staff concurred "he is compensation seeking disability, and not interested in the advice offered." (Tr. 226).  It was further reported that his condition would be improved if he was compliant with medication/treatment, and that he had symptoms of depression or anxiety from time to time, but that they could not be considered "disabling." (Tr. 227). "In fact Plaintiff is encouraged to work cause the idleness of 'disability status' inevitably worsens symptoms like depression and anxiety." (Tr. 227).  In another report dated March 9, 2010, it was reported that the importance of work and routine for his quality of life for the future was discussed with Plaintiff and that he "seemed more focused on retaining his SC income that the advice offered." (Tr. 278).  Plaintiff reported he had been sleeping well and that he felt his mood had improved. (Tr. 284). In a March 31, 2010 report, Dr. Petrash noted that Plaintiff stated he did not feel depressed, but admitted he was short-tempered. (Tr. 262).

In his decision, the ALJ considered and addressed the opinions from Dr. Faitak and Dr. Petrash. He took into account the fact that they believed Plaintiff was "unemployable." The ALJ concluded:

> The opinions from Dr. Faitak and Dr. Petrash that the claimant is "unemployable" are taken into account with the finding that the claimant can only do work with simple tasks and instructions and with incidental contact with the public, but otherwise they are given little weight. To say that someone is "unemployable" is equivalent to saying that they are "disabled," and whether someone is "disabled" is a determination reserved solely to the Commissioner (20 CFR 404.1527(e)). No special significance is given to the source of an opinion on issues reserved to the Commissioner (20 CFR 404.1527(e) and (e)(1-3)).

(Tr. 20).  The ALJ noted that the VA medical records did not show the types of limitations that would be expected of someone who could not perform any type of substantial gainful activity

and that additional statements from Dr. Faitak and Dr. Petrash undercut their conclusion that Plaintiff was unemployable. (Tr. 20). He also noted that Dr. Faitak and Dr. Petrash were evaluating Plaintiff for purposes of VA disability, and not necessarily for purposes of Social Security disability, which was further reason to discount their opinions. (Tr. 20).

The ALJ also addressed the opinions of Dr. Terry Efird, Ph.D., and Dr. Catherine Hubbard Adams, Ph.D., who both believed Plaintiff had difficulty getting along with others. (Tr. 21). The ALJ concluded that his RFC, which limited Plaintiff to work that involved only incidental contact with the public, took into account their opinions. (Tr. 21).

The ALJ also addressed the opinion of Dr. Christal Janssen, PhD., who found that Plaintiff was not significantly limited in 16 categories, and that though Plaintiff did have mild depression, he appeared capable of all but skilled work. (Tr. 422). The ALJ found that Dr. Janssen's finding did not give adequate consideration to Plaintiff's subjective complaints or to the opinions from the VA doctors and consultative examiners which indicated that Plaintiff had greater limitations. He therefore gave little weight to Dr. Janssen's opinion. (Tr. 21).

The Court is of the opinion that the ALJ properly considered the evidence regarding Plaintiff's bipolar disorder, and afforded significant weight to examiner opinions as well as to Plaintiff's subjective allegations of disabling symptoms, when he limited Plaintiff to work involving only simple tasks and instructions and only incidental contact with the public.

Based upon the foregoing, the Court is of the opinion that there is substantial evidence to support the weight the ALJ gave to the treating physicians as well as the consulting physicians.

    **B.**    **Whether Substantial Evidence Supports the ALJ's Decision:**

The Court has considered the entire record in this matter, and based upon the foregoing, as well as those reasons given in Defendant's well-reasoned brief, believes that there is substantial evidence to support the ALJ's decision that Plaintiff is not disabled.

**IV.    Conclusion:**

Accordingly, based upon the foregoing, and after carefully reviewing the record, the Court finds there is substantial evidence to support the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The Court further finds that Plaintiff's Complaint should be dismissed with prejudice.

IT IS SO ORDERED this 18th day of December, 2014.

/s/ *Erin L. Setter*
HON. ERIN L. SETTER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)